## In the United States District Court
## for the District of Maryland
## Northern Division

| | |
|---|---|
| Entry-Master Systems, Inc., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 02-CV-1589 |
| | ) |
| v. | ) |
| | ) The Honorable William M. Nickerson |
| The Chamberlain Group, Inc., et al., | ) |
| | ) |
| Defendant. | ) |
| | ) |

### DECLARATION OF MARK B. TONE

I, MARK B. TONE, declare as follows:

1. I am the Executive Vice President - Administration with The Chamberlain Group, Inc., where I have worked since 1990.

2. I am familiar with the products sold or being sold by Defendants, Chamberlain Manufacturing Corporation ("CMC"), The Chamberlain Group, Inc. ("CGI") and Sentex Systems, a Division of Link Door Controls, Inc. (improperly sued as Sentex Systems) ("Sentex"), including Sentex' access control products.

3. I am familiar with the allegations in Plaintiff's Complaint in the above captioned lawsuit.

4. I am familiar with the terms of the Settlement Agreement and associated Dismissal Decree in the above captioned lawsuit.

5. I am familiar with Defendants' successors, assigns, legal representatives, affiliates, licensees and subsidiaries, including their officers, agents, servants, employees and attorneys, and all persons or entities in active concert or participation with any Defendant.

6. I am familiar with the trademarks that Defendants use and have used on goods and services they sell and offer for sale.

7. Sentex is the only Defendant who has sold or offered to sell goods or services bearing the "ENTRYMASTER" mark. CMC and CGI never used the ENTRYMASTER mark on their goods or services. Sentex has not used the mark "ENTRYMASTER" on any goods or services that it has sold or offered to sell since February 14, 2003. The

EXHIBIT 1
ALL-STATE LEGAL SUPPLY CO.

Defendants disposed of any and all goods or services bearing the "ENTRYMASTER" mark before February 14, 2003.

8. After February 14, 2003, Defendants and all of their successors, assigns, legal representatives, affiliates, licensees, and subsidiaries, including their officers, agents, servants, employees and attorneys, and all persons or entities in active concert or participation with them have not used the ENTRYMASTER mark on any goods and services they have sold or offered to sell and they no longer have any goods or services bearing the mark.

9. No Defendant has aided, abetted, supported, helped, sponsored, approved or acted in concert or participation with any other person or entity, including Kidwell Companies, Alarmtechs, Inc. and B.J. Esberner and Associates, Inc. (also trading under gate-opener.com and ContractorsTools.com) that Plaintiff claims has used or that may have used the ENTRYMASTER mark on goods or services sold or offered for sale after February 14, 2003.

10. Sentex sells goods to persons and entities, which purchase them for the purpose of reselling the products to users or other resellers but Sentex never sold any goods or services bearing the "ENTRYMASTER" mark to Kidwell Companies, Alarmtechs, Inc. or B.J. Esberner and Associates, Inc.

11. Kidwell Companies, Alarmtechs, Inc. and B.J. Esberner and Associates, Inc. are not assigns, affiliates, licensees, subsidiaries, agents, or servants of any Defendant.

12. Kidwell Companies, Alarmtechs, Inc. and B.J. Esberner and Associates, Inc. are not and have not been persons or entities in active concert or participation with any Defendant in the use of the "ENTRYMASTER" mark on goods or services.

13. Defendants have never controlled or participated in the day to day operations of Kidwell Companies, Alarmtechs, Inc. or B.J. Esberner and Associates, Inc.

14. Defendants have no written or oral contracts (including agency, distributorship, partnership, joint venture or commission agreements) with Kidwell Companies, Alarmtechs, Inc., B.J. Esberner and Associates, Inc., or any other third party regarding any "ENTRYMASTER" goods or services.

15. Defendants do not have any contractual, statutory or other legal right to control the business or conduct of Kidwell Companies, Alarmtechs, Inc. or B.J. Esberner and Associates, Inc., including selling, offering to sell, advertising, marketing and promoting access control products.

16. Kidwell Companies, Alarmtechs, Inc. and B.J. Esberner and Associates, Inc. have not acted or had the right to act on behalf of any Defendant.

17. Kidwell Companies, Alarmtechs, Inc. and B.J. Esberner and Associates, Inc. never had power to alter Defendants' business affairs and relations, and *vice versa*.

18. No Defendant took part in creating or designing the websites and contents thereon for Kidwell Companies, Alarmtechs, Inc. or B.J. Esberner and Associates, Inc. contained in Exhibits 4 and 6 of Plaintiff's Motion for Contempt and to Enforce Settlement Agreement.

19. Kidwell Companies, Alarmtechs, Inc. and B.J. Esberner and Associates, Inc. are not and have never been parties to this lawsuit.

20. Kidwell Companies, Alarmtechs, Inc. and B.J. Esberner and Associates, Inc. are not and have never been parties or signatories to the Settlement Agreement in this lawsuit.

21. All references to ENTRYMASTER on the websites www.chamberlain.com and www.sentexsystems.com were eliminated on or before February 14, 2003 except for the two historical press releases which Plaintiff attached to its Motion as part of Exhibit 4.

22. Defendants did not use those historical press releases in association with the sale of goods or services bearing the "ENTRYMASTER" mark. Defendants have amended the historical press releases to delete any reference to ENTRYMASTER.

I declare under penalty of perjury that the foregoing is true and correct.

Date: April 10, 2003

_____
Mark B. Tone